STEPHANIE YONUKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICK FITZGERALD
Chief, National Security Section
CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
MARK TAKLA(Cal. Bar No. 218111)
Assistant United States Attorneys
National Security Section
     United States Courthouse
     411 W. Fourth Street, Suite 8000
     Santa Ana, California  92701
     Telephone: (714) 338-3541/3591
     Facsimile: (714) 338-3561
     E-mail: celeste.corlett@usdoj.gov
             mark.takla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

                         SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ADAM DANDACH,<br>Aka, Fadi Fadi Dandach,<br><br>                    Defendant. | SA No. CR 14-0109(A)-JVS<br><br>**NOTICE OF INTENT TO INVOKE THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA")** |

     The United States of America, by and through its undersigned counsel, hereby provides notice to the Court and defendant ADAM DANDACH ("DANDACH"), by and through his attorney, Pal Lengyel-Leahu, of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to issues relating to classified information that may arise before trial.

## **INTRODUCTION**

The government anticipates that it will need to bring to the Court's attention discovery issues relating to classified material and, it will need to proceed under CIPA. In anticipation of such proceedings, the government is filing this notice to inform the Court and the defense of its intent to invoke CIPA in this case.

## **CIPA PROCEDURAL FRAMEWORK**

CIPA mandates several protocols for protecting all forms of classified information. Essentially, CIPA is "a procedural tool for a court to address the relevance of classified information before it may be introduced." United States v. Marzook, 412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006) (citing United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005)); see also United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information."). CIPA's fundamental purpose is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002).

## **A.   Definitions**

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. After such a motion is filed, Section 2 mandates that the district court "shall promptly hold a pretrial

2

conference to establish the timing of requests for discovery, conference to establish the timing of requests for discovery, the provision of notice required by section 5 of [CIPA], and the initiation of the procedure established by section 6 of [CIPA]." Id.  The government is not moving for such a pretrial conference at this time.

**B.    Pretrial Conference**

Section 3 of CIPA requires the Court, upon motion of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ."  At this time, the government does not anticipate disclosing classified information to defense counsel.  Rather, the government has produced and intends to produce any discoverable information in an unclassified form.

**C.    Discovery of Classified Information by Defendants**

Without altering the government's discovery obligations, Section 4 of CIPA provides a mechanism to protect classified information, including classified sources and methods, while simultaneously protecting a defendant's due process rights. Pursuant to Section 4, a district court can balance the defendants' due process rights with the right of the government to prevent disclosures of classified information that might jeopardize national security.  See United States v. Collins, 720 F.2d 1195, 1197 (11th Cir. 1983); United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (discussing the balance between national security and the due process rights of the defendant). "The court, upon a sufficient showing, may authorize the United

States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove."  18 U.S.C. App. 3, § 4.

Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate that the use of such alternatives is warranted through an in camera, ex parte submission to the Court.  Id.; see United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989).  CIPA's legislative history makes clear that the Court may consider national security interests in determining whether to permit discovery to be denied, restricted, or deferred.  S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980); United States v. Smith, 780 F.2d 1102, 1109 (4th Cir. 1985) (holding defendant's right to discovery must be balanced against the public's interest in non-disclosure).

**D.   Procedures for Cases Involving Classified Information Possessed by a Defendant**

In the event that a defendant reasonably expects to disclose or cause the disclosure of classified information, Sections 5 and 6 of CIPA apply.  See, e.g., United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363; Collins, 720 F.2d at 1199-1200.  Section 5 requires the defendant to provide timely

4

written notice to the court and the government describing any classified information that he reasonably expects to disclose. See 18 U.S.C. App. 3, §5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial . . . ." Id. Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. See Collins, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. 3, § 5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. Id. at § 5(b). Section 6 describes the procedures by which the Court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information. 18 U.S.C. App. 3, § 6. Sectopm 7 sets forth the United States'

5

exclusive right to seek an interlocutory appeal of a "decision or order authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  18 U.S.C. App. 3, § 7(a).

**E.    Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial**

Section 8(c) of CIPA provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. 3, § 8(c).  Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  Id.  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

# CONCLUSION

Section 2 of CIPA authorizes a party to move for a pretrial conference to consider matters relating to classified information.  Although the government is not moving for such a pretrial conference at this time, it respectfully reserves the right to do so in the future.

Dated:  April 1, 2015            Respectfully submitted,

                                 STEPHANIE YONUKURA
                                 Acting United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 ____/s/_____
                                 CELESTE CORLETT
                                 MARK TAKLA
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA