EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
PATRICK R. FITZGERALD
Chief, National Security Section
B. CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
Assistant United States Attorney
 8000 United States Courthouse
 411 West Fourth Street
 Santa Ana, California 92701
 Telephone: (714) 338-3541
 Facsimile: (714) 338-3708
 E-mail: celeste.corlett@usdoj.gov
ANNAMARTINE SALICK (Cal. Bar No. pending)
New York State Bar No. 5076385
Trial Attorney
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-3424
 Facsimile: (213) 894-6436
 E-mail: annamartine.salick2@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>    v.<br><br>ADAM DANDACH,<br><br>  Defendant. | No. SA CR 14-109-JVS<br><br>GOVERNMENT'S MOTION FOR AN ORDER (1)PRECLUDING EVIDENCE OF INSANITY OR MENTAL DISEASE OR DEFECT, INCLUDING EXPERT TESTIMONY; AND (2) SCHEDULING A STATUS CONFERENCE |

Plaintiff United States of America, by and through its undersigned counsel of record, the United States Attorney's Office for the Central District of California, hereby moves the Court for an order precluding Adam Dandach ("the defendant") from raising a defense of insanity or introducing evidence of diminished capacity and from offering any expert testimony on these subjects; or, in the alternative, for an order requiring the defendant to provide

sufficient notices of insanity, mental disease or defect, and expert witnesses, and to provide the government with the Court-ordered reports and discovery, pursuant to Rules 12.2(a), 12.2(b), and 16(b)(1)(C) of the Federal Rules of Criminal Procedure and the Court's April 27, 2015 Order.  The government also requests a status conference to address these outstanding issues that may result in a delay of the pending proceedings.  This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 29, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                               /s/
                                        ANNAMARTINE SALICK
                                        CELESTE CORLETT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES..............................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...............................1

I.    BACKGROUND.....................................................................1

II.   ARGUMENT.........................................................................3

       A.    The Defendant Should be Precluded from Offering Any
             Evidence of Insanity and Mental Disease or Defect,
             Including Expert Testimony, For Failing to Provide
             Sufficient Notice........................................................3

             1.    The Defendant has failed to comply with Federal
                   Rules of Criminal Procedure 12.2(a), 12.2(b), and
                   16(b)(1)(C), and the Court's Order...................3

             2.    The Defendant's Failure to Comply with His
                   Obligations Harms All Parties and Risks
                   Unnecessary Delay....................................5

       B.    Even if the Defendant Provided Sufficient Notice under
             Rules 12.2(a), 12.2(b), and 16(b)(1)(C), the Court
             Should Preclude the Defendant from Introducing Any
             Evidence of Insanity and Mental Disease or Defect,
             Including Expert Testimony, Because Such Testimony
             will be Irrelevant, Misleading, and Risk Confusing the
             Jury.........................................................................7

             1.    Insanity and Diminished Capacity are Extremely
                   Narrow Defenses.......................................7

             2.    Courts Use Extra Caution in Admitting Insanity
                   and Mental Disease and Defect Expert Testimony.......9

             3.    Evidence Regarding Insanity or Mental Disease or
                   Defect, Including Expert Testimony, will be
                   Irrelevant, Misleading, and Confuse the Jury........12

III.  CONCLUSION.....................................................................13

i

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                      PAGE

**FEDERAL CASES**

Bourjaily v. United States,
        483 U.S. 171 (1987)......................................10, 12

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
        509 U.S. 579 (1993).........................................10

Lust v. Merrell Dow Pharm., Inc.,
        89 F.3d 594 (9th Cir.1996).................................12

Rogers v. Raymark Industries, Inc.,
        922 F.2d 1426 (9th Cir. 1991)..............................11

United States v. Amaral,
        488 F.2d 1148 (9th Cir. 1973)..............................10

United States v. Barnard,
        490 F.2d 907 (9th Cir.1973),
        cert. denied, 416 U.S. 959 (1974).........................9, 12

United States v. Brown,
        326 F.3d 1143 (10th Cir. 2003).............................12

United States v. Byers,
        730 F.2d 568 (9th Cir. 1984)............................9, 11, 12

United States v. Cameron,
        907 F.2d 1051 (11th Cir. 1990)............................8, 11

United States v. Caplan,
        633 F.2d 534 (9th Cir. 1980)................................7

United States v. Dela Cruz,
        358 F.3d 623 (9th Cir. 2004)...............................11

United States v. Demma,
        523 F.2d 981 (9th Cir. 1975)............................9, 11, 12

United States v. Fishman,
        743 F. Supp. 713 (N.D. Cal. 1990)..........................11

United States v. Frisbee,
        623 F. Supp. 1217 (N.D. Cal. 1985)..........................9

United States v. Pohlot,
        827 F.2d 889 (3rd Cir. 1987)................................9

United States v. Richards,
        9 F. Supp. 2d 455 (D.N.J. 1998)............................11

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

United States v. Rincon,
        28 F.3d 921, 923 (9th Cir. 1994)
        (citing Daubert, 509 U.S. 579, 579-80).........................10

United States v. Twine,
        853 F.2d 676 (9th Cir. 1988)..............................7, 8, 9

United States v. Veatch,
        674 F.2d 1217 (9th Cir. 1981)..................................6

United States v. Vela,
        624 F.3d 1148 (9th Cir. 2010)..................................8

United States v. Westcott,
        83 F.3d 1354 (11th Cir. 1996)..................................8

United States v. Whitehead,
        896 F.2d 432, 436 n.6 (9th Cir. 1990)..........................8

**FEDERAL STATUTES**

18 U.S.C. § 17.................................................................7

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   BACKGROUND**

On April 24, 2015, the defendant, through defense counsel, and the United States stipulated to a trial continuance and to several pre-trial deadlines, including deadlines to provide notice of mental disease or defect, expert witnesses, and expert reports.  (CR 42.) On April 27, 2015, the Court set a trial date and pretrial briefing scheduled and ordered, *inter alia*, the defendant file a notice of mental disease or defect defense and report on May 15, 2015, and for both parties to submit their respective notices of expert witnesses and reports on May 29, 2015.  (CR 43.)

On May 15 and May 29, 2015, the defendant filed purported notices of mental disease or defect defense and expert witnesses. (CR 46, 47.)  The May 15, 2015 Notice confusingly stated ". . . Dandach is currently being evaluated with regard to the issue of diminished capacity or other psychological condition, while not currently deemed a defense of insanity, may potentially be offered as either a defense to the offense charged in the superseding indictment or evidence of mitigation."  (CR 46.)  Similarly, the defendant's May 29, 2015 Notice of Experts, is limited to a list of seven names of "individuals that may be called as expert witnesses." (CR 47)(emphasis added).  The defendant did not even reference the subject of their testimony, provide their titles or any other background information, and did not disclose the witnesses curriculum vitaes. (<u>Id</u>.)  The defendant also did not provide expert reports for any of the claimed experts.

On May 29, 2015, the government filed its notice of expert witnesses, summarizing Mr. Evan F. Kohlmann's anticipated testimony,

describing his opinions, the bases and reasons for those opinions, and his qualifications, and provided the defendant with Mr. Kohlmann's sixty-page expert report and his curriculum vitae. (CR 48).

On June 11, 2015, the government sent a letter to the defendant, notifying the defendant that he was not in compliance with his discovery obligations under Rules 12.2(a), 12.2(b), and 16(b)(1)(C) of the Federal Rules of Criminal Procedure ("the Rules") or the Court's April 27, 2015 Order. (See Exhibit 1, "June 11, 2015 Letter"). The government requested that the defendant provide the government by June 17, 2015, of the following: (1) notify the government as to whether the defendant intends to introduce a defense of insanity or diminished capacity; (2) disclose any reports related to a defense of insanity or diminished capacity; (3) produce all mental health records and other discovery the government has repeatedly requested and which the defendant promised to provide; (4) disclose a summary of the testimony of any expert witnesses, to include a statement of their opinions, the bases and reasons for those opinions, and the witnesses' qualifications; and (5) disclose any reports by the noticed expert witnesses. (See June 11, 2015 Letter.)

To date, the government has received no response from the defendant. The defendant's failure to comply with his obligations frustrates the purpose of this Court's scheduling order, ignores the Rules, impedes the government's ability to prepare for trail and meet its own obligations, and risks unnecessary delay. Furthermore, as described in detail below, the defendant has not and will not be able to meet its burden to mount an insanity defense or to offer evidence

of diminished capacity.  Because the defendant cannot establish either defense, expert testimony on those matters would be irrelevant, and would substantially risk confusing and misleading a jury.  Therefore, the government respectfully requests that the Court preclude any evidence of insanity or mental disease or defect because the defendant has provided insufficient notice, the defendant has not made a sufficient showing to warrant the introduction of such evidence, and such evidence is irrelevant and will mislead the jury.

**II.  ARGUMENT**

    **A.  The Defendant Should be Precluded from Offering Any Evidence of Insanity and Mental Disease or Defect, Including Expert Testimony, For Failing to Provide Sufficient Notice**

        1.  <u>The Defendant has failed to comply with Federal Rules of Criminal Procedure 12.2(a), 12.2(b), and 16(b)(1)(C), and the Court's Order.</u>

Federal Rule of Criminal Procedure 12.2(a) requires that a defendant who intends to assert an insanity defense must notify the government in writing "within the time provided" or a defendant "cannot rely on an insanity defense."  <u>See</u> Fed. R. Crim. P. 12.2(a).  Likewise, Rule 12.2(b) provides that the defendant must file a written notice, without request, if he intends to introduce expert evidence "relating to a mental disease or defect or any other mental conditional of the defendant bearing on [the] issue of guilt," and a court may exclude such testimony if the defendant fails to comply.  <u>See</u> Fed. R. Crim. P. 12.2(b) and 12.2(d).

Similarly, Rule 16(b)(1)(C) requires a defendant to provide a "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence . . . [and] describe the witness's opinions, the bases and reasons for

3

those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C).

In addition, the Court's April 27, 2015 Order set the deadlines for compliance with Rules 12.2 and 16 and specifically ordered that the defendant provide both a notice and report of mental disease/defect defense by May 15, 2015, and to provide notice and expert reports by May 29, 2015.  (CR 43) (emphasis added).

The deadline for providing notice and reports under Rules 12.2(a), 12.2(b), 16(b)(1)(C), and the Court's Order has passed and the defendant has failed to meet his obligations.  First, it is patently unclear whether the defendant intends to offer any evidence of either insanity or mental disease or defect, or both.  The defendant's May 15, 2015 Notice appears to preserve a defense of insanity while simultaneously failing to comply with Rule 12.2(a) or the Court's April 27, 2015 Order.  (CR 46.)  The Notice only vaguely references that the defendant is being evaluated for multiple conditions and provides no further information as to defendant's alleged mental condition or sets forth the basis for presenting such a defense.  Without proper notice of what mental health defense (if any) the defendant is pursuing, the government cannot begin the necessary preparation to meet this issue and the defendant places the trial date in jeopardy.

Second, the defendant has failed to comply with Rules 12.2(b) and 16(b)(1)(C), by failing to provide proper notice of mental disease or defect, short of insanity, or the expert testimony the defendant seeks to introduce.  The defendant's May 15, 2015 Notice vaguely references that he "may potentially" offer evidence of mental disease or defect as a defense or for mitigation.  And, his May 29,

4

2015, Notice of Experts, simply lists seven names of individuals the defendant "may call[]" without any indication of the subject of their testimony or their qualifications.  This notice is completely inadequate to meet Rule 16(b)(1)(C)'s requirement to provide a summary of the testimony, the witnesses' opinions, the basis for those opinions, and the witnesses' qualifications.  See Fed. R. Crim. P. 16(b)(1)(C).  The government is unable to glean even the general subject expertise of these witnesses, much less the additional substantive requirements under the Rule.

Third, the defendant has failed to comply with the Court's April 27, 2015 Order, requiring the disclosure of "mental disease/defect . . . reports" and "expert reports" by May 15 and 29, 2015, respectively.  (CR 43).  To date, the government has not received any reports from the defendant and, indeed, despite repeated requests and promises from the defendant to provide mental health records, the government has not received even one item of discovery from the defendant.  Even after the government notified defendant of his failure to comply with the Rules and the Court's Order, the defendant did not produce any reports; he provided no explanation for his failure to meet the deadlines; and has made no effort to cure these deficiencies.

> 2.    The Defendant's Failure to Comply with His Obligations Harms All Parties and Risks Unnecessary Delay.

The defendant's failure to provide notice under Rules 12.2(a), 12.2(b), and 16(b)(1)(C), and this Court's Order, frustrates the purpose of Rules, the parties' ability to meet the issues raised and prepare for trial, and risks unnecessary delay.  As the Advisory Committee noted, the purpose of Rule 12.2's notice requirements is to

"give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony" and to avoid unnecessary delays and mid-trial continuances.  Fed. R. Crim. P. 12.2 Advisory Committee's Notes (1974 Amendments).  Similarly, Rule 16's notice requirements were "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16, Advisory Committee Notes (1993 Amendments).

The defendant's Rule 12.2 and 16 notices remain wholly inadequate even after the government pointed out their deficiencies and gave the defendant an opportunity to cure them.  The government is left unable to "meet the issue"; the government does not known if the defendant has undergone a mental health evaluation, the results of any evaluation, whether the government should move to have the defendant independently examined or consult with its own mental health experts, and which, if any, of the "noticed" witnesses may testify, and what the subject of these witnesses' testimony may be. The defendant's blatant disregard for the Rules and the Court's Order needless jeopardizes the start of trial, which is set to go forward in less than ninety days.

Because of the resulting harm to the parties and the risk of unnecessary delay, the Court should preclude a mental disease or defect defense and expert testimony.  See Fed. R. Crim. Pro. 12.2(a), 12.2(b); 16(b)(C)(1); see also United States v. Veatch, 674 F.2d 1217, 1224-25 (9th Cir. 1981) (precluding insanity defense where

defendant failed to provide notice); United States v. Caplan, 633 F.2d 534, 538-39 (9th Cir. 1980) (same).

**B. Even if the Defendant Provided Sufficient Notice under Rules 12.2(a), 12.2(b), and 16(b)(1)(C), the Court Should Preclude the Defendant from Introducing Any Evidence of Insanity and Mental Disease or Defect, Including Expert Testimony, Because Such Testimony will be Irrelevant, Misleading, and Risk Confusing the Jury.**

Even if the defendant were to comply with his notice obligations and the Court's Order, there is simply no basis for the defendant to mount an insanity defense or offer evidence of a mental disease or defect and the Court should preclude any such defense and any related expert testimony at this time.

      1.    <u>Insanity and Diminished Capacity are Extremely Narrow Defenses</u>

Insanity is an affirmative defense and the defendant bears the burden of proving insanity by clear and convincing evidence. <u>See</u> 18 U.S.C. § 17. The Insanity Defense Reform Act ("IDRA") of 1984, codified at 18 U.S.C. § 17, placed significant restrictions on the use of mental defect evidence and sets forth the statutory test for insanity as follows:

> . . . at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. § 17.

Section 17 requires that a mental disease or defect must be "severe" to qualify as insanity and "placed significant restrictions on the use of mental defect evidence." <u>United States v. Twine</u>, 853 F.2d 676, 678 (9th Cir. 1988). The "severity" requirement was added

so as "to emphasize that non-psychotic behavior disorders or neurosis such as an inadequate personality, immature personality, or a pattern of antisocial tendencies do not constitute the defense." See S.Rep. No. 225, 98th Cong., 1st Sess. 229, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3411; United States v. Whitehead, 896 F.2d 432, 436 n.6 (9th Cir. 1990).

Under the IDRA, insanity is a narrow defense that "operates to completely excuse the defendant whether or not guilt can be proven." Twine, 853 F.2d at 678. By explicitly providing that mental disease or defect does not constitute an insanity defense, the IDRA eliminated "insanity-styled" defenses that cannot meet the narrowly-tailored definition of insanity." Id. at 679 (". . .a careful reading of the 1984 Act and its history persuades us that Congress intended to restrict a defendant's ability to excuse guilt with mental defect evidence, curtailing the insanity defense."); see also United States v. Cameron, 907 F.2d 1051, 1061 (11th Cir. 1990)("Congress chose to eliminate any form of legal excuse based upon psychological impairment that does not come within the carefully tailored definition of insanity in section 17(a)").

Diminished capacity, unlike insanity, does not excuse criminal conduct and it is not an affirmative defense. Diminished capacity asks whether the "defendant possessed the ability to attain the culpable state of mind which defines the crime." Twine, 853 F.2d at 678. Evidence of diminished capacity is only admissible to negate the intent element of specific intent crimes and must focus on the defendant's state of mind at the time the offense was committed. United States v. Vela, 624 F.3d 1148, 1154 (9th Cir. 2010); see also United States v. Westcott, 83 F.3d 1354, 1358 (11th Cir. 1996);

8

United States v. Pohlot, 827 F.2d 889, 905 (3rd Cir. 1987).  If a defendant appreciated "the nature and quality or the wrongfulness of the acts," then he was able to form the specific intent necessary and may be found guilty of the offense.  Twine, 853 F.2d at 681.

A defendant is not automatically entitled to present evidence of diminished capacity.  United States v. Frisbee, 623 F. Supp. 1217, 1224 (N.D. Cal. 1985).  District courts have wide latitude to determine whether diminished capacity evidence is properly focused on contradicting the defendant's specific intent at the time of the offense and to assess the credibility of a witness and the helpfulness of the testimony to the jury.  See United States v. Byers, 730 F.2d 568, 570 (9th Cir. 1984) (affirming preclusion of psychiatric testimony after district court examined defendant's offer of proof and determining that the testimony would be ambiguous and would not have materially assisted a jury); United States v. Demma, 523 F.2d 981, 986 (9th Cir. 1975) (en banc) (affirming exclusion of psychiatric testimony because "we have given the district court wide latitude in admitting or excluding psychiatric evidence directed to the capacity of a defendant to entertain a specific intent or directed to the credibility of a witness.").  And, a district court's decision to exclude expert testimony will be upheld unless manifestly erroneous.  Demma, 523 F.2d at 987; United States v. Barnard, 490 F.2d 907, 912-13 (9th Cir. 1973), cert. denied, 416 U.S. 959 (1974).

        2.   Courts Use Extra Caution in Admitting Insanity and Mental Disease and Defect Expert Testimony.

To be admissible, expert testimony must be relevant, reliable, and it must assist the trier of fact.  The Supreme Court entrusted trial judges with a "gatekeeping function" to "ensur[e] that an

expert's testimony rests on a reliable foundation and is relevant." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589-593 (1993). The Court established a two-part test for determining whether to admit expert testimony: "[T]he trial judge must determine at the outset, pursuant to [Federal Rule of Evidence] 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."  United States v. Rincon, 28 F.3d 921, 923-24 (9th Cir. 1994) (citing Daubert, 509 U.S. 579, 579-80).

Even when a theory or methodology satisfies the "scientific knowledge" requirement, however, expert testimony may nevertheless be excluded if the proponent cannot establish that the testimony will "assist the trier of fact to understand or to determine a fact in issue."  Id. at 924; see also United States v. Amaral, 488 F.2d 1148, 1152 (9th Cir. 1973) ("The general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony").  Such preliminary questions are to be determined by the court and it is the proponent's burden to establish admissibility by a preponderance of the evidence.  See Bourjaily v. United States, 483 U.S. 171, 175-176 (1987).

Because expert testimony carries the "aura of special reliability and trustworthiness," it raises a substantial danger of undue prejudice.  Amaral, 488 F.2d at 1152.  District courts must exercise additional care in preforming its gatekeeping function to ensure that the expert testimony's probative value, like all evidence, be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Daubert, 509 U.S. at 595; Fed. R. Evid. 403.

Expert testimony regarding insanity or diminished capacity carries an even greater risk of prejudice and confusion and must be assessed with caution.  Indeed, one of the primary aims of the IDRA was to reduce the dangers posed by expert psychiatric testimony regarding "inherently malleable psychological concepts [that] can be misused at trial to mislead or confuse the jury."  Cameron, 907 F.2d at 1062.

The Ninth Circuit instructs district courts to use extra care in admitting mental health expert testimony.  See United States v. Dela Cruz, 358 F.3d 623, 626 (9th Cir. 2004) (excluding expert psychological testimony and expressing "particular concern with expert testimony offered by mental health professionals about a mental state that is an element of the crime."); see also United States v. Fishman, 743 F. Supp. 713, 721 (N.D. Cal. 1990) (because "psychiatric testimony raises a strong danger of misuse," courts must carefully consider whether to admit it in specific cases); United States v. Richards, 9 F. Supp. 2d 455, 457 (D.N.J. 1998) ("[w]hen confronted with mental disease evidence, Congress has instructed courts to be extremely cautious" and has "significantly limited the role played by mental disease evidence in criminal trials," including cases involving a diminished capacity defense).

Moreover, courts have required defendants to demonstrate in advance of trial that the proposed expert testimony is sufficiently limited to mount an insanity defense or to negate specific intent and that the probative value of such testimony substantially outweighs the risk of misleading or confusing the jury.  See Byers, 730 F.2d at 570; Demma, 523 F.2d at 987; Rogers v. Raymark Industries, Inc., 922 F.2d 1426, 30 (9th Cir. 1991) (affirming exclusion of expert where it

11

was found to be cumulative and misleading); Barnard, 490 F.2d at 913 (affirming district court's exclusion of psychiatric testimony after court conducted voir dire of proposed expert witness and concluded that "any probative value the report might have would be offset by its prejudicial effect on the jury."); see also United States v. Brown, 326 F.3d 1143, 1147 (10th Cir. 2003) ("The admission of such evidence will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than 'merely present a dangerously confusing theory of defense more akin to justification and excuse.'").

> 3. Evidence Regarding Insanity or Mental Disease or Defect, Including Expert Testimony, will be Irrelevant, Misleading, and Confuse the Jury

Here, the defendant's filings are entirely lacking in specificity, documentation, or support, and do not come close to establishing admissibility. See Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility."); Bourjaily, 483 U.S. at 175–76, ("Admissibility of the expert's proposed testimony must be established by a preponderance of the evidence."). The defendant has yet to identify the subject matter the expert witnesses he "may" call, and has made no showing of relevance, reliability, or that such testimony would assist the trier of fact.

Therefore, the defendant's vague claim of possible expert evidence should be excluded based on the defendant's failure to provide proper notice and to meet his burden of demonstrating relevance, reliability, and utility of such evidence. See Byers, 730 F.2d at 570; Demma, 523 F.2d at 987; Barnard, 490 F.2d at 913.

In addition, even if the defendant provided sufficient notice of insanity, mental disease and defect, and expert witnesses, the government submits that the evidence will clearly demonstrate that the defendant was not insane at the time of the offense and that he formed the specific intent necessary to carry out the charged offenses.  The defendant's evidence will be limited to general testimony regarding the defendant's previous mental health issues and will not be probative of either insanity or diminished capacity. Rather than assisting the jury with relevant and reliable expert testimony, a distracting foray into inadmissible mental health testimony will mislead and confuse the jury.  Therefore, any evidence, including expert testimony, which cannot establish insanity or directly attack the *mens rea* of the charged offenses, should be precluded as irrelevant and because of its significant risk of misleading the jury and causing needless delay.

**III. CONCLUSION**

Based on the above, the Court should preclude the defendant from raising a defense of insanity or introducing evidence of diminished capacity and from offering any expert testimony on these subjects; or, in the alternative, order the defendant to provide sufficient notices of insanity, mental disease or defect, and expert witnesses, and to provide the government with the Court-ordered reports and discovery, pursuant to Rules 12.2(a), 12.2(b), and 16(b)(1)(C) of the Federal Rules of Criminal Procedure and this Court's April 27, 2015 Order.  The Court should also schedule a status conference to address these outstanding issues that may result in a delay of the pending proceedings.

Dated: June 29, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                         _____/s/_____
                                        ANNAMARTINE SALICK
                                        CELESTE CORLETT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

14