

# United States Department of Justice

### United States Attorney's Office
### Central District of California

*Annamartine Salick*
*Phone: (213) 894-3424*
*E-mail: annamartine.salick2@usdoj.gov*

*1300 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

June 11, 2015

**VIA E-MAIL and U.S. MAIL**

Mr. Pal Lengyel-Leahu
IMHOFF & ASSOCIATES, P.C.
12424 Wilshire Blvd., Ste. 770
Los Angeles, CA 90025

> Re:    United States v. Adam Dandach,
>         CR No. 14-109-JVS

Dear Mr. Lengyel-Leahu:

The government has reviewed your May 15 and May 29, 2015 notices of mental disease or defect defense and expert witnesses. Unfortunately, these filings do not contain the information required by Rules 12.2(a), 12.2(b), and 16(b) of the Federal Rules of Criminal Procedure and the court's April 27, 2015 order. We are concerned because the information you provided is insufficient to allow the government to prepare for trial or to allow the court to properly exercise its gate-keeping functions for expert witnesses. As such, we request that you provide the information required by the Rules and the Court's order by **June 17, 2015**.

As you are aware, on April 27, 2015, the Court set a trial date and pretrial briefing scheduled and ordered, *inter alia*, the defendant file a notice of mental disease or defect defense and report on May 15, 2015, and for both parties to submit their respective notices of expert witnesses and reports on May 29, 2015. See ECF No. 43. On May 15 and May 29, 2015, you filed purported notices of mental disease or defect defense and expert witnesses. See ECF Nos. 46 and 47. On May 29, 2015, the government filed its notice of expert witnesses, summarizing Mr. Evan F. Kohlmann's anticipated testimony, describing his opinions, the bases and reasons for those opinions, and his qualifications, and provided the defendant with Mr. Kohlmann's expert report and curriculum vitae. See ECF No. 48 and June 10, 2015 e-mail from Celeste Corlett.

The government believes that both of your filings fall short of your obligations under Rules 12.2(a), 12.2(b), and 16(b) of the Federal Rules of Criminal Procedure and contravene the Court's April 27, 2015 order. The government requests that you provide the following disclosures by June 17, 2015, to comply with your obligations: (1) notify the government as to

Annamartine Salick
RE:  United States v. Adam Dandach
June 11, 2015
Page 2

whether you intend to introduce a defense of insanity; (2) disclose any reports related to a defense of insanity or diminished capacity; (3) produce all mental health records and other discovery the government has repeatedly requested and which you promised to provide;  (4) disclose a summary of your expert witnesses' testimony, to include their opinions, the bases and reasons for those opinions, and the witnesses' qualifications; and (5) disclose any reports by the noticed expert witnesses.  Should you fail to comply, the government will move the Court to compel your compliance and, if you continue to disregard your obligations, the government will move to preclude a defense of mental disease or defect and the admission of expert witnesses.

First, your May 15, 2015 notice of mental disease or defect defense appears to preserve a defense of insanity while failing to comply with Rule 12.2(a) and the Court's order.  See ECF No. 46 (". . . the Defendant . . . is currently being evaluated with regard to the issue of diminished capacity or other psychological condition, while not currently deemed a defense of insanity, **may potentially be offered** . . .").

As you are aware, Federal Rule of Criminal Procedure 12.2(a) requires that a defendant who intends to assert a defense of insanity must notify the government in writing "within the time provided" or a defendant "cannot rely on an insanity defense."  See Fed. R. Crim. P. 12.2(a).   As the Court's deadline for noticing a defense of a mental disease or defect, including a defense of insanity, has passed, the government requests that you immediately notify the government as to whether you intend to offer evidence of an insanity defense and, if so, that you comply with your obligations to notice any experts who may testify to this defense and disclose their reports.  See Fed. R. Crim. P. 12.2(a) and 16(b)(1)(C)(ii).  Further, should you assert a defense of insanity, the government will seek to have your defendant examined and may move for a competency hearing, pursuant to Rule 12.2(c)(1)(B) and 18 U.S.C. §§ 4241(a), 4241(b), and 4247(c).

Second, Rule 12.2(b) and the Court's April 27, 2015 order require that you notify the government of your intent to introduce expert evidence relating to a mental disease or defect, to include diminished capacity, and to provide expert reports on this matter.  See Fed. R. Crim. P. 12(b) and ECF No. 43 at 2 ("May 15, 2015: Notice of Experts **and Expert Reports**").  To date, the government has received no such report.  In fact, the government has repeatedly requested that you produce the defendant's mental health records and other discovery and, although you have assured the government that you would deliver such documents, the government has yet to receive any discovery.

Lastly, Rule 16(b)(1)(C) and the Court's April 27, 2015 order require that you provide the government with "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence . . . [and] describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C).  Your list of seven names falls short of your obligations under the Rule and you have failed to provide the Court-ordered expert reports.  Thus, the government requests that you provide a sufficient description of the noticed-expert witnesses' opinions, the bases and

Annamartine Salick
RE: United States v. Adam Dandach
June 11, 2015
Page 3


reasons for those opinions, and the witnesses' qualifications, and disclose all expert reports including those related to a defense of mental disease or defect.

For the reasons stated above, the government asks that provide the requested information by June 17, 2015. Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

Annamartine Salick
Trial Attorney
National Security Section
Central District of California