EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICK FITZGERALD
Chief, National Security Section
CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
National Security Section
Assistant United States Attorney
        411 W. Fourth Street, Suite 8000
        Santa Ana, California  92701
        Telephone: (714) 338-3541
        Facsimile: (714) 338-3561
        E-mail: celeste.corlett@usdoj.gov
ANNAMARTINE SALICK (Cal. Bar No pending)
New York State Bar No. 5076385
Trial Attorney
U.S. Department of Justice
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:    (213) 894-3424
        Facsimile:    (213) 894-6436
        Email:   Annamartine.Salick@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ADAM DANDACH,<br>Aka, Fadi Fadi Dandach,<br><br>                    Defendant. | SA No. CR 14-0109(A)-JVS<br><br>**GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE DESIGNED TO CHALLENGE THE SECRETARY OF STATE DESIGNATION OF THE ISLAMIC STATE OF IRAQ AND THE LEVANT ("ISIL") AS A FOREIGN TERRORIST ORGANIZATION** |

     The United States of America, by and through its undersigned counsel, hereby moves this court to preclude evidence designed to challenge the Secretary of State

1

designation of the Islamic State of Iraq and the Levant ("ISIL") as a Foreign Terrorist Organization ("FTO").  Defense counsel has stated that he intends to present evidence to support his claim that ISIL is not an FTO.  Further, he claims he will argue that the designation by the Secretary of State that ISIL is an FTO is insufficient proof to meet the first element of the charge, that is, that ISIL is an FTO, in count one, Attempting to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.  There is no basis in law or fact for this position, as described in this motion, and the government moves this court to preclude the defendant from offering any evidence to support this claim or from arguing the same to the jury.  This motion is based on the attached Memorandum of Points and Authorities, the files and records of this case, and such other evidence and argument as this court may entertain on this motion.

Dated:  July 10, 2015          Respectfully submitted,


                               EILEEN M. DECKER
                               United States Attorney

                               ROBERT E. DUGDALE
                               Assistant United States Attorney
                               Chief, Criminal Division

                               ____/s/_____
                               CELESTE CORLETT
                               Assistant United States Attorney
                               ANNAMARTINE SALICK
                               Trial Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Legal Standard**

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214-1319 (1996), in order to address concerns regarding international terrorism.  The AEDPA authorizes the Secretary of State to designate an entity as a foreign terrorist organization if the Secretary finds that: "(A) the organization is a foreign organization; (B) the organization engages in terrorist activity . . . ; and (C) the terrorist activity or terrorism of the organization threatens the security of United States nationals or the national security of the United States."  8 U.S.C. § 1189(a)(1).

The statute has a specific judicial review scheme for designations:  Seven days before making a designation, the Secretary shall notify certain Congressional leaders of the intent to designate an organization, together with findings and the factual basis for the designation.  Seven days after providing notice to Congress, the Secretary shall publish the designation in the Federal Register.  The designation "shall take effect upon publication."  8 U.S.C. § 1189(a)(2)(B).  "Not later than 30 days after publication in the Federal Register of a designation . . .  the designated foreign terrorist organization may seek judicial review in the United States Court of Appeals for the District of Columbia Circuit."  8 U.S.C. § 1189(c).  On judicial review, the D.C. Circuit may set aside a designation if it is arbitrary or capricious, or otherwise not in accordance with law.  *Id.*

3

Designation of a group as a foreign terrorist organization ("FTO") has legal consequences.  Persons within the United States or subject to its jurisdiction cannot "knowingly" provide "material support or resources" to any designated FTO.  18 U.S.C. § 2339(B)(a)(1).  Additionally, a key provision in the statute provides that, "if a designation under this subsection has become effective under paragraph (2)(B) a defendant in a criminal action or an alien in a removal proceeding shall not be permitted to raise any question concerning the validity of the issuance of such designation or redesignation as a defense or an objection at any trial or hearing."  *Id*. at 1189(a)(8).

The Ninth Circuit rejected a broad-based attack on the constitutionality of the pertinent provisions of the AEDPA. *Humanitarian Law Project v. Reno*, 205 F.3d 1130 (9th Cir. 2000), *cert denied*, 532 U.S. 904 (2001).  The plaintiffs argued, in part, that the statute violated the First and Fifth Amendments claiming that it granted the Secretary of State "unfettered and unreviewable authority" to designate which groups are listed as FTOs.  *Id*. at 1133.  The Ninth Circuit held that the AEDPA "does not grant the Secretary unfettered discretion in designating the groups to which giving material support is prohibited," because the Secretary must have reasonable grounds to believe that the organization engaged in terrorist acts before it can be designated.  *Id*. at 1137.  The court noted that "because the regulation involves the conduct of foreign affairs, we owe the executive branch even more latitude than in the domestic context."  *Id*.

4

Further, the Court rejected the plaintiff's argument that the Secretary's designation decision was "essentially unreviewable." *Id*. The Court noted that the AEDPA provides for judicial review of a designation in the D.C. Circuit, and it rejected plaintiffs' claim that the deferential judicial review applied by that court undermined the constitutionality of the statutory scheme. *Id*. The Court noted that such deference "is a necessary concomitant of the foreign affairs power." *Id*. The Court held that "[i]n any event, that challenge must be raised in an appeal from a decision to designate a particular organization." *Id*. Importantly, that challenge is for the FTO to make; the defendant does not have standing to assert the legal rights or interests of others. *See United States v. Taleb-Jedi*, 566  F. Supp. 2d 157, 169 (E.D.N.Y. 2008).

**ISIL Designation**

On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

On May 15, 2014, the Secretary of State amended the designation of AQI as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria

("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production.  Although the group has never called itself "Al-Qaeda in Iraq" (or "AQI"), this name has frequently been used to describe it through its history.  To date, although in an audio recording publicly released on June 29, 2014, ISIS announced a formal change of ISIS's name to Islamic State ("IS"), the group remains a designated FTO.

## II.  Conduct Charged in DANDACH's Indictment

On March 4, 2015, the grand jury returned a four count indictment against Adam Dandach, aka, "Fadi Fadi Dandach." Dandach was charged, in part, with the following:

COUNT ONE

[18 U.S.C. § 2339B]

On or about July 2, 2014, in Orange County, within the Central District of California, and elsewhere, defendant ADAM DANDACH, also known as ("aka") "Fadi Fadi Dandach," a national of the United States, knowingly attempted to provide material support and resources, that is, personnel, namely himself, to work under the direction and control of the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq, al-Qa'ida in Iraq, and the Islamic State, which had been continuously designated by the Secretary of State as a foreign terrorist organization since on or about December 17, 2004, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

The violation of Providing Material Support to a Foreign Terrorist Organization is found in 18 U.S.C. § 2339B:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be . . . imprisoned . . . .  To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization . . ., that the organization has engaged or engages in terrorist activity . . ., or that the organization has engaged or engages in terrorism . . . .

**III. Argument**

Defendant has stated that he intends to collaterally attack the designation of ISIL as an FTO by introducing evidence that some people do not view ISIL as a terrorist organization. Further, he claims that he will argue to the jury that based on this claimed evidence, the government cannot meet its burden of proof that ISIL is an FTO, as he claims is required under §2339B.  Defendant is mistaken in this position that the validity of the designation of ISIL as an FTO is an element of the offense of § 2339B.

As described above, under § 1189(a)(8) a defendant in a criminal action "shall not be permitted to raise any question concerning the validity" of the designation of an FTO by the Secretary as a defense.  The Court has held that the Constitution "require[s] criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt;" however, the statutes at issue do not violate this principal.  *See United States v. Gaudin*, 515 U.S. 506, 510 (1995).  "Congress has provided that the *fact* of an organization's designation as an FTO is an element of § 2339B,

but the *validity* of the designation is not."  *United States v. Hammoud*, 381 F.3d 316, 331 (4th Cir. 2004), *vacated on other grounds*, 543 U.S. 1097 (2005) *reinstated in relevant part*, 405 F.3d 1034 (4th Cir. 2005).  "Congress recognized that some defendants might claim that 'one man's terrorist is another man's freedom fighter.'  Nevertheless, Congress delegated the authority to make such distinctions to the Secretary of State and specifically took this policymaking 'out of the hand of United States Attorneys and juries.'" *Taleb-Jedi*, 566 F. Supp. 2d at 170-171.

Here, the Secretary of State has designated ISIL as an FTO. Defendant is not challenging this fact.  Instead he seeks to argue to the jury that the Secretary's determination that ISIL is an FTO lacks merit, which is in essence an argument for nullification.  The defendant is statutorily barred from collaterally attacking the designation of ISIL as an FTO.  Thus, as a matter of law, it is not for the jury in defendant's criminal trial to decide whether ISIL was correctly designated as an FTO.  This is an impermissible argument and any claimed evidence in support of this argument is likewise impermissible.

Therefore, under § 2339B, if defendant provided material support to ISIL, an organization that has been designated an FTO under § 1189, he meets the first element of the offense, and it is irrelevant whether the defendant claims the designation is invalid.  The government moves this court to preclude the defendant from introducing evidence and/or argument to support his claim that ISIL is not a foreign terrorist organization.

**IV. Conclusion**

For the foregoing reasons, the Court should preclude defendant from presenting any evidence, making any argument, or raising any implication through direct or cross-examination of witnesses, relating to the validity of ISIL's designation as an FTO at defendant's trial in this case.

Dated:  July 10, 2015                    Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         ROBERT E. DUGDALE
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                         ____/s/_____
                                         CELESTE CORLETT
                                         Assistant United States Attorney
                                         ANNAMARTINE SALICK
                                         Trial Attorney

                                         Attorneys for Plaintiff

                                         UNITED STATES OF AMERICA