EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
PATRICK R. FITZGERALD
Chief, National Security Section
B. CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
Assistant United States Attorney
National Security Section
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone:    (714) 338-3541
    Facsimile:    (714) 338-3708
    E-mail:  celeste.corlett@usdoj.gov
ANNAMARTINE SALICK (Cal. Bar No. pending)
New York State Bar No. 5076385
Trial Attorney
U.S. Department of Justice
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-3424
    Facsimile:    (213) 894-6436
    E-mail:  annamartine.salick2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>ADAM DANDACH,<br>  Aka, Fadi Fadi Dandach,<br><br>                Defendant. | No. SA CR 14-0109(A)-JVS<br><br>GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE MENTAL HEALTH DEFENSE AND EXPERT TESTIMONY; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT THEREOF |

     Plaintiff United States of America, by and through its undersigned counsel of record, the United States Attorney's Office for the Central District of California, hereby replies to Defendant's

Response in Opposition to the Government's Motion to Exclude Mental Health Defense and Expert Testimony.  (CR 54.)  Base on the all the information now before the Court, the government requests that the Court: (1) preclude Adam Dandach ("the defendant") from raising a mental disease or defect defense or from introducing expert testimony, or in the alternative, order the defendant to comply immediately with his notice and disclosure obligations, pursuant to Rules 12.2(a), 12.2(b), and 16(b)(1)(C) of the Federal Rules of Criminal Procedure and the Court's April 27, 2015 Order; and (2) order the disclosure of the defendant's competency evaluation to the government and the Court and for the Court to make a finding of the defendant's competence.  This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 15, 2015                  Respectfully submitted,

                                      EILEEN M. DECKER
                                      United States Attorney

                                      ROBERT E. DUGDALE
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                            /s/
                                      ANNAMARTINE SALICK
                                      Trial Attorney

                                      CELESTE CORLETT
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                  PAGE

TABLE OF AUTHORITIES...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.    UPDATED FACTS AND PROCEDURAL STATUS......................................1

II.   ARGUMENT................................................................2

      A.    The Defendant Failed to Comply with His Notice and
            Disclosure Obligations and He Should be Precluded from
            Introducing a Defense of Mental Disease or Defect and
            Expert Witnesses, or, He Should Be Ordered to Comply
            Immediately with His Obligations.................................2

      B.    The Defendant's Failure Jeopardizes the Trial Date and
            Risks Unnecessary Delay.........................................4

      C.    Defendant Should Disclose the Competency Evaluation,
            the Records on Which It Was Based, and the Court
            Should Make a Record of the Defendant's Competence to
            Stand Trial.....................................................6

            1.    The Defendant Should Disclose the Competency
                  Evaluation and the Records on Which it Was Based,
                  to Ensure that the Defendant's Due Process Rights
                  are not Violated and Because the Defendant has
                  Placed his Mental Health at Issue.........................6

            2.    Disclosure of the Competency Evaluation is
                  Necessary for the Government's Expert Witnesses
                  to Review the Defendant's Entire Mental Health
                  Records...................................................8

      D.    The Defendant is Entitled to Mount a Defense of
            Diminished Capacity Because He is Charged with
            *Attempted* Provision of Material Support But He Bears
            the Threshold Burden of Demonstrating that Such
            Evidence is Admissible..........................................9

III.  CONCLUSION.............................................................12

i

**TABLE OF AUTHORITIES**

DESCRIPTION                                                        PAGE

**FEDERAL CASES**

Blazak v. Ricketts,
     1 F.3d 891 (9th Cir. 1993).......................................6

Buchanan v. Kentucky,
     483 U.S. 402 (1987).............................................7

Chavez v. United States,
     656 F.2d 512 (9th Cir. 1981)...................................6

Daubert v. Merrell Dow Pharm., Inc.,
     509 U.S. 579 (1993).......................................1, 2, 5

Drope v. Missouri,
     420 U.S. 162 (1975)............................................6

Holder v. Humanitarian Law Project,
     561 U.S. 1 (2010)..........................................10, 11

Moore v. United States,
     464 F.2d 663 (9th Cir. 1972)...................................6

Morris v. United States,
     414 F.2d 258 (9th Cir. 1969)...................................7

Pate v. Robinson,
     383 U.S. 375 (1996)............................................6

Pawlyk v. Wood,
     248 F.3d 815 (9th Cir. 2001)...................................7

Steinsvik v. Vinzant,
     640 F.2d 949 (9th Cir. 1981)...................................7

Turner v. Burlington N. Santa Fe R. Co.,
     338 F.3d 1058 (9th Cir. 2003)..................................9

United States v. Arbelaez,
     812 F.2d 530 (9th Cir. 1987)..................................10

United States v. Bailey,
     444 U.S. 394 (1980)...........................................10

United States v. Byers,
     730 F.2d 568 (9th Cir. 1984)..................................11

United States v. Dela Cruz,
     358 F.3d 623 (9th Cir. 2004)..................................11

United States v. Demma,
        523 F.2d 981 (9th Cir. 1975)....................................11

United States v. Frisbee,
        623 F. Supp. 1217 (N.D. Cal. 1985)............................11

Williams v. Woodford,
        384 F.3d 567 (9th Cir. 2004)...................................9

**FEDERAL STATUTES**

18 U.S.C. § 2339B..............................................10

**FEDERAL RULES**

Fed. R. Evid. 703..............................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   UPDATED FACTS AND PROCEDURAL STATUS**

The government incorporates by reference the background facts and law discussed in the Government's Motion for an Order Precluding Evidence of Mental Disease or Defect and Expert Testimony (CR 52) and the Government's Motion for A <u>Daubert</u> Hearing (CR 56; <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993)).  The following are new, relevant facts.

On June 29, 2015, the government filed a motion to preclude the defendant from raising a defense of insanity or diminished capacity, and from offering expert testimony, and for an order directing the defendant to comply with his notice obligations and disclose the associated reports, pursuant to the Federal Rules of Criminal Procedure ("the Rules") and the Court's April 27 Order.  (CR 52, 43).

On July 8, 2015, the defendant filed a response to the government's June 29, 2015 Motion.  (CR 54.)  The defendant again failed to state definitively whether he intended to mount an insanity or diminished capacity defense.  Rather, he claimed to have "notified the government of the Defendant's intent to *possibly* raise a diminished capacity defense."  (CR 54, at 5) (emphasis added).

The defendant further stated that he was not in possession of any "completed reports, or evaluations or opinions related to diminished capacity," even though the defendant revealed, for the first time, that the defendant was recently evaluated for competency. (<u>Id.</u>)  The defendant has not disclosed that evaluation to the government or advised the government of its finding.

Finally, the defendant asserted that if the government received the defendant's medical records by July 13, 2015, and expert report

on diminished capacity by July 31, 2015, the government will have "sufficient time to review the information" without risking "unnecessary delay or harm to the government's case." It should also be noted that the defendant's Response provides no further information regarding the seven individuals he indicated "may be called as expert witnesses." (CR 47.)

On July 10, 2015, the government filed a motion requesting the scheduling of a <u>Daubert</u> hearing and for an order directing the defendant to provide sufficient notice and disclosure of the expert witness testimony he intends to introduce. (CR 56.)

On July 14, 2015, the government received a hard drive from the defendant containing some of the defendant's medical and mental health records dating from 2006 through August 2013. The disclosure does not include recent mental health records, records on or about the date of the offenses, or any records of the defendant's competency evaluation. The hard drive contains 464 megabytes of information or approximately 1,400 pages. A cursory review of the hard drive revealed that the records disclosed were initially requested by the defendant's first counsel on or about July 11, 2014, and received by that counsel in September 2014.

## II.   ARGUMENT

### A.   The Defendant Failed to Comply with His Notice and Disclosure Obligations and He Should be Precluded from Introducing a Defense of Mental Disease or Defect and Expert Witnesses, or, He Should Be Ordered to Comply Immediately with His Obligations

The defendant has repeatedly failed to comply with his notice and disclosure obligations under the Rules and this Court's April 27 Order. Three months have passed since the Court set a briefing schedule, and the defendant has yet to inform the government

2

definitively whether he intends to introduce a defense of mental disease or defect.  Nor has the defendant disclosed any associated reports, or provided the government with adequate notice of the expert testimony the defendant intends to introduce at trial.

A notice of "intent to *possibly* raise a diminished capacity" defense is not notice under the Rules.  (CR 54, at 5).  As the Advisory Committee noted, the purpose of Rule 12.2's notice requirements is to "give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony" and to avoid unnecessary delays and mid-trial continuances.  Fed. R. Crim. P. 12.2 Advisory Committee's Notes (1974 Amendments).  The government cannot begin to meet this issue until the defendant definitively answers whether he will in fact pursue a mental health defense and specifies what defense he will mount.

The defendant is further remiss because he has failed to provide adequate notice "within the time provided."  Fed. R. Crim. P. 12.2(a)-(d).  The Court April 27 Order sets forth the dates for compliance and the defendant has failed to provide adequate notice or disclosure by those dates or shown good cause to justify his delay.

The government also notes that an initial review of the defendant's mental health records disclosed to the government on July 14, 2015, indicates that these documents were initially requested by the defendant's prior counsel on July 11, 2014, and received by that counsel by September 2014.  The government understood from the defendant's July 8 Response that the purpose of the competency evaluation was to secure a "proper release" from the defendant.  The government does not understand why defense counsel needed an

3

additional release if these documents were previously obtained and contained in the defendant's case file.

The defendant also failed to provide the required information regarding the seven named-expert witnesses that the defendant may call at trial.  (CR 54).  To date, the defendant has not identified the titles or subject matter of the listed individuals' expected testimony, disclosed a summary of their testimony, conclusions and the bases and reasons for these opinions, or the witnesses' qualifications or reports, as required by the Rules and the Court's order.  (Fed. R. Crim. P. R. 16(b)(1)(C), CR 43).

**B.    The Defendant's Failure Jeopardizes the Trial Date and Risks Unnecessary Delay**

Contrary to the defendant's assertion, the defendant's continued failure to provide timely notice and disclosure has jeopardized the trial date and has harmed the government's preparation of its case. The defendant claims that "if the government receives the expert report on diminished capacity by July 31, 2015[,] and the medical records by July 13, 2015, [the government] will have sufficient time to review the information to determine how they want to proceed so there will be no risk of unnecessary delay or harm to the government's case."  (CR 54, at 6.)

This is simply not true.  Until the defendant affirmatively states that he will mount a defense of mental disease and defect and notifies the government of what defense he will pursue, the government is hamstrung.  First, unless the defendant provides definitive notice of a mental disease and defect defense, the government cannot request the defendant's complete mental health records.  The government will need to subpoena records, wait for

their receipt, and provide them to the government's mental health expert.[1]  Second, the government cannot select an appropriate mental health professional until the defendant advises the government of the specific nature of the mental disease.

Once the government secures an appropriate mental health professional, that expert will need time to review the defendant's mental health records and any evaluations conducted in the course of this case, to include the just-disclosed competency evaluation.  The expert will also need to review evidence from the government's case and the relevant pleadings.  The expert will then examine the defendant and draft a report.  In addition, the government anticipates litigation in connection with the examination of the defendant and the admissibility of the defendant's expert witnesses. The government has filed separately a motion for a <u>Daubert</u> hearing on the seven named individuals the defendant indicates he may call at trial.  (CR 56.)  The resulting litigation will further delay proceedings.

This process is time-consuming.  The very purpose of the Rule's notice requirements and the Court's April 27 Order was to ensure that the parties were given adequate time to meet the issues.  The defendant's repeated failure to provide notice has already caused harm to the government's preparation of its case and has placed the trial date in jeopardy.

Thus, the defendant's repeated failure to meet his notice and disclosure obligations has already delayed the proceedings and the

---

[1] The government notes that the disclosure does not contain the defendant's Federal Social Security Disability records which the government believes will contain additional relevant mental health records related to his disability payments.

defendant has not shown good cause to excuse the delay.  The government asks the Court to preclude the defendant from raising a mental disease or defect defense and from introducing expert witnesses, or, to order the defendant's immediate compliance with his notice and disclosure obligations.

**C.  Defendant Should Disclose the Competency Evaluation, the Records on Which It Was Based, and the Court Should Make a Record of the Defendant's Competence to Stand Trial**

1.  <u>The Defendant Should Disclose the Competency Evaluation and the Records on Which it Was Based, to Ensure that the Defendant's Due Process Rights are not Violated and Because the Defendant has Placed his Mental Health at Issue</u>

It is a violation of due process to prosecute a defendant who is incompetent to stand trial, or to fail to conduct an evidence hearing where evidence before the trial court raises a "bona fide doubt" about the defendant's competency to stand trial.  <u>See</u> <u>Pate v. Robinson</u>, 383 U.S. 375, 378 (1996); <u>Blazak v. Ricketts</u>, 1 F.3d 891, 894 (9th Cir. 1993). "To be competent to stand trial, a criminal defendant must have sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings." <u>Chavez v. United States</u>, 656 F.2d 512, 518 (9th Cir. 1981) (citing <u>Drope v. Missouri</u>, 420 U.S. 162, 171 (1975)).

The Ninth Circuit has held that a history of documented mental illness raises a "bona fide doubt" of competency to stand trial.  <u>See</u> <u>Moore v. United States</u>, 464 F.2d 663, 666 (9th Cir. 1972); <u>Morris v. United States</u>, 414 F.2d 258, 259 (9th Cir. 1969); <u>cf.</u> <u>Steinsvik v. Vinzant</u>, 640 F.2d 949, 952 (9th Cir. 1981) (finding that a defendant's statement that he was a "little confused" prior to pleading guilty was not sufficient to raise a bona fide doubt).

In this case, defense counsel recently disclosed voluminous mental health records and claimed that the defendant was evaluated for competency. (CR 54, at 5).  The defendant has not disclosed the results of this competency evaluation or disclosed the report itself. Without an opportunity to review the competency evaluation, the government is concerned about the state of the record regarding the defendant's competency to stand trial.  Disclosure of the defendant's competency evaluation and the records on which it was based would abate the government's concern and allow the Court to make a record of the defendant's competence to ensure that the defendant's Due Process rights are not violated.

Moreover, the government is entitled to disclosure of the competency evaluation because the defendant has placed, albeit ambiguously, his mental health at issue.  When a defendant places his mental status at issue and introduces psychological examinations, he should expect that any unfavorable results of such reports may be used against him.  See Buchanan v. Kentucky, 483 U.S. 402, 425 (1987).  Similarly, when a defendant is evaluated by multiple mental health professionals but introduces only evidence of a favorable evaluation, the results of other unfavorable mental health evaluations are discoverable and may be introduced by the prosecution to explore the full contours of the defendant's mental health defense.  See Pawlyk v. Wood, 248 F.3d 815, 828 (9th Cir. 2001).

In addition, when a defendant places his mental health at issue, unfavorable evaluations may be introduced by the prosecution even when those evaluations were ordered for a different purpose.  See Buchannan, 483 U.S. at 420-25.  In Buchannan, the defendant attempted to establish a defense of extreme emotional disturbance and called a

7

social worker to read from several reports and letters detailing the defendant's mental condition.  Id.  On cross-examination, the prosecution had the social worker read portions of a prior, involuntary hospitalization evaluation of the defendant regarding that examiner's general observations about the mental state of the defendant.  Id. at 414, 423.  The Supreme Court upheld the trial court's determination that the involuntary hospitalization determination, although aimed at a different mental health inquiry, was admissible because it "dealt with the same matters explored" in the reports of the other examiners the defendant introduced.  Id. at 410.

The defendant has referenced in his pleadings an evaluation of competence.  To date, the government is not aware of any evidence indicating that the defendant is incompetent.  However, the defendant's ambiguous notice of mental disease and defect, disclosure of voluminous mental health records, and recent reference to an examination of the defendant's competency, raises an open question as to the defendant's competence.  Disclosure of the evaluation and the records it was based upon is necessary so that the parties can unequivocally resolve the issue.  Upon review of the competency evaluation, the Court should be able to make an informed record of the defendant's competence.

2.    Disclosure of the Competency Evaluation is Necessary for the Government's Expert Witnesses to Review the Defendant's Entire Mental Health Records

An expert may formulate an opinion based on facts or data which are "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."  See Fed. R. Evid. 703; Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1061

8

(9th Cir. 2003).  Mental health professionals often rely on the conclusions of other examiners and review a person's full mental health record.  See e.g., Williams v. Woodford, 384 F.3d 567, 609 (9th Cir. 2004) (according "substantial weight" to a psycho-pharmacologist's mental health evaluation of a defendant that was based on a four-hour examination of the defendant as well as a review of a police report, preliminary-hearing transcripts, and the evaluations of two other mental health professionals).

Because a competency evaluation will include general assessments of the defendant's mental health, an expert evaluating the defendant's mental health is entitled to review all of the existing, relevant information to make the most informed conclusion.  The government intends to provide its own mental health expert with the defendant's full mental health records, including the recent competency evaluation.

> **D.    The Defendant is Entitled to Mount a Defense of Diminished Capacity Because He is Charged with *Attempted* Provision of Material Support But He Bears the Threshold Burden of Demonstrating that Such Evidence is Admissible**

The government does not contest the fact that the defendant is charged with a specific intent crime and that diminished capacity is an available defense to specific intent crimes.  However, the government first notes that specific intent is the applicable *mens rea* because the defendant is charged with *attempted* provision of material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.

It is well-established that attempt is a "specific intent" crime.  See United States v. Arbelaez, 812 F.2d 530, 533 (9th Cir. 1987) (The common law meaning of "attempt" is the specific intent to

"engage in criminal conduct and . . . an overt act which is a substantial step towards committing the crime."); accord United States v. Bailey, 444 U.S. 394, 405 (1980); Rollin M. Perkins & Ronald N. Boyce, Criminal Law § 3.A.7, at 637 (3d ed. 1982) ("[A]n attempt to commit any crime requires a specific intent to commit that particular offense.").

Contrary to the defendant's assertion, the "knowingly" provision of Section 2339B does not require that the government prove that the defendant had a specific intent to further the unlawful activities of a foreign terrorist organization. (CR 54, at 5.)  The Supreme Court resolved this issue and held that Congress did not intend Section 2339B to require proof of specific intent.  Holder v. Humanitarian Law Project, 561 U.S. 1 (2010).  The Court explained:

> We reject plaintiffs' interpretation of § 2339B [requiring proof of specific intent to further the unlawful activities of foreign terrorist organizations] because it is inconsistent with the text of the statute.  Section 2339B(a)(1) prohibits "knowingly" providing material support.  It then specifically describes the type of knowledge that is required: "To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization . . . , that the organization has engaged or engages in terrorist activity . . . , or that the organization has engaged or engages in terrorism . . . ." [18 U.S.C. § 2339B].  Congress plainly spoke to the necessary mental state for a violation of § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activities.

Holder v. Humanitarian Law Project, 561 U.S. 1, 16-17 (2010).

Thus, the defendant is charged with a specific intent crime because he is charged with *attempted* provision of material support not because Section 2339B's requires that the defendant acted "knowingly."

10

Second, as discussed in the government's June 29 Motion, the defendant is not automatically entitled to a diminished capacity because he is charged with a specific intent crime.  (CR 52); see United States v. Frisbee, 623 F. Supp. 1217, 1224 (N.D. Cal. 1985). District courts have wide latitude to determine whether diminished capacity evidence is properly focused on contradicting the defendant's specific intent at the time of the offense and to assess the credibility of a witness and the helpfulness of the testimony to the jury.  See United States v. Byers, 730 F.2d 568, 570 (9th Cir. 1984) (affirming preclusion of psychiatric testimony after district court examined defendant's offer of proof and determining that the testimony would be ambiguous and would not have materially assisted a jury); United States v. Demma, 523 F.2d 981, 986 (9th Cir. 1975) (en banc) (affirming exclusion of psychiatric testimony because "we have given the district court wide latitude in admitting or excluding psychiatric evidence directed to the capacity of a defendant to entertain a specific intent or directed to the credibility of a witness.").

In addition, as further discussed in the government's June 29 Motion, the Ninth Circuit instructs district courts to exercise extra care in admitting mental health expert testimony.  (CR 52); see e.g., United States v. Dela Cruz, 358 F.3d 623, 626 (9th Cir. 2004). Therefore, the defendant is not automatically entitled to introduce evidence of diminished capacity or offer expert testimony on this subject without first providing adequate notice and demonstrating that such evidence is admissible.

## III. CONCLUSION

Based on the above, the government request that the Court: (1) preclude the defendant from raising a mental disease or defect defense or from introducing expert testimony, or in the alternative, order the defendant to comply immediately with his notice and disclosure obligations, pursuant to Rules 12.2(a), 12.2(b), and 16(b)(1)(C) of the Federal Rules of Criminal Procedure and the Court's April 27, 2015 Order; and (2) order the disclosure of the defendant's competency evaluation to the government and the Court and for the Court to make a finding of the defendant's competence.

Dated: July 15, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ANNAMARTINE SALICK
                                        Trial Attorney

                                        CELESTE CORLETT
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

12