EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
PATRICK R. FITZGERALD
Chief, National Security Section
B. CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
Assistant United States Attorney
      8000 United States Courthouse
      411 West Fourth Street
      Santa Ana, California 92701
      Telephone:  (714) 338-3541
      Facsimile:  (714) 338-3708
      E-mail:     celeste.corlett@usdoj.gov
ANNAMARTINE SALICK (Cal. Bar No. pending)
New York State Bar No. 5076385
Trial Attorney
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-3424
      Facsimile:  (213) 894-6436
      E-mail:     Annamartine.Salick@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 14-109-JVS |
|---|---|
| Plaintiff, | **GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO PRECLUDE EVIDENCE DESIGNED TO CHALLENGE THE SECRETARY OF STATE DESIGNATION OF THE ISLAMIC STATE OF IRAQ AND THE LEVANT ("ISIL") AS A FOREIGN TERRORIST ORGANIZATION** |
| v. | |
| ADAM DANDACH, Aka, Fadi Fadi Dandach, | |
| Defendant. | |

The United States of America, by and through its undersigned counsel of record, hereby replies to the defendant's Opposition to Motion to Preclude Evidence Designed to Challenge the Secretary of State Designation of the Islamic State of Iraq and the Levant

("ISIL") as a Foreign Terrorist Organization.

This Motion is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may wish to consider at a hearing on this matter.

Dated: July 29, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                              /s/
                                        CELESTE CORLETT
                                        Assistant United States Attorney

                                        ANNAMARTINE SALICK
                                        Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The government incorporates by reference the facts, law, and argument in the Government's Motion to Preclude Evidence Designed to Challenge the Secretary of State Designation of the Islamic State of Iraq and the Levant ("ISIL") as a Foreign Terrorist Organization filed on July 10, 2015 (CR 55).  In its motion, the government argued that the *fact* of an organization's designation as a Foreign Terrorist Organization ("FTO") is an element of the offense of Providing Material Support to an FTO, but the *validity* of the designation is not an element of the offense.  *See United States v. Hammoud*, 381 F.3d 316, 331 (4th Cir. 2004), *vacated on other grounds*, 543 U.S. 1097 (2005) *reinstated in relevant part*, 405 F.3d 1034 (4th Cir. 2005).  The defendant improperly intends to argue to the jury that the designation of ISIL as an FTO is invalid.

The defendant filed his opposition to the government's motion on July 22, 2015.  (CR 63.)  In his opposition, the defendant appears to argue:

1. There is no evidence that the ISIL FTO "designation was formally adopted" by the State Department. (CR 63 at 4.)

2. Even if it was designated, the leader of ISIL changed the name to the Islamic State ("IS"), and this new name has not been designated as an FTO.  (*Id*. at 5.)

3. ISIL is a foreign nation state; thus, it cannot be designated as an FTO. (*Id*. at 7.)

4. Because of the above, it is impossible for the government to prove that the defendant knowingly attempted to provide material support to an FTO. (*Id*. at 8.)

3

Each of defendant's arguments is an attack on the validity of the Secretary of State's designation of ISIL as an FTO, and as discussed in the government's motion (CR 55), this is not a proper argument.

**II.   ARGUMENT**

**A.   ISIL IS A DESIGNATED FTO**

Defendant argues in his opposition that there was no evidence that the FTO designation of ISIL was "formally adopted."  (CR 63 at 4.)  As discussed previously, the Secretary of State designated ISIL as an FTO.

On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq ("AQI") as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.  On May 15, 2014, the Secretary of State amended the designation of AQI as an FTO and added the following aliases: Islamic State of Iraq and the Levant ("ISIL"), the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, also known as Daesh, also known as Dawla al Islamiya, also known as Al-Furqan Establishment for Media Production.

This notice was published in the Federal Register on May 14, 2014.  79 Fed. Reg. 27972-03, May 14, 2014, 2014 WL 1917820.  The statute provides that the FTO designation "shall take effect upon publication."  8 U.S.C. § 1189(c).  The Islamic State of Iraq and the Levant, and its aliases, were designated an FTO, it was published, and it is effective.

4

Additionally, in his own opposition, defendant relied upon the State Department Release, dated May 14, 2014, that announced this designation.  (CR 63 at 3.)  The record demonstrates ISIL as a designated FTO, and the defendant cannot argue that it is not a valid designation.

**B.    ISIL'S UNILATERAL NAME CHANGE DID NOT CHANGE ITS FTO DESIGNATION**

Defendant next argues that because the leader of ISIL changed the name of the organization weeks after ISIL was designated as an alias for AQI, it is no longer a designated FTO.  Defendant argues "the putative leader of the organization variously referred to as AQI, ISIL, and/or ISIS, Abu Bakr al-Baghdadi, made a bold announcement . . . that there would be established a new caliphate . . . and this would henceforth be called the Islamic State . . . ." (CR 63 at 4.)  He further argues "[t]here is no dispute that this new organization, this new "caliphate", now known as the Islamic State, has not now or ever been designated . . . as FTO . . . ." (*Id.* at 5.)

Without any legal support, defendant appears to argue that a leader of a designated foreign terrorist organization can unilaterally declare a new name for the organization relieving it of the burden of being an FTO.  The result, he argues, is that the defendant "has not violated the law because [the self-proclaimed Islamic State] has not formally been designated as FTO as required. . . ." (*Id.* at 7.)

Under this reasoning, any designated FTO can simply rename the organization as soon as the Secretary of State designates it an FTO, and be relieved of the consequences of being a designated FTO, an

absurd result.  The Secretary of State's designation would become null and void merely because the FTO declared it had a new name. The name change would conveniently eliminate the finding that the organization "engages in terrorist activity . . . and . . . threatens . . . the national security of the United States."  *See* 8 U.S.C. 1189 (a)(1).  And, the organization would not need to litigate the designation through the U.S. Court of Appeals.  This consequence would render the statute essentially ineffective to achieve its purpose.

Further, defendant did not deny that the self-proclaimed Islamic State is the same organization as ISIL.  In fact, he concedes it is the same organization when he referenced it as "the organization variously referred to as AQI, ISIL, and/or ISIS."  (CR 63 at 4.)  Defendant admitted the same in his July 2, 2014 interview with the special agents of the Federal Bureau of Investigation ("FBI").  In response to an agent's question, "what's your understanding of what the U.S. government position on the IS [Islamic State] is?", he stated, "you view them as a terrorist organization."  And, later, defendant explained that ISIL no longer went by the name Islamic State of Iraq and the Levant, instead "now they're just going by IS."  Defendant knew it was the same organization.

ISIL's self-proclaimed name change, just weeks after the Secretary of State designated it an FTO, did not magically erase the finding that the organization engages in terrorist activity and that it is a designated FTO.  The fact of the designation did not change and the defendant cannot challenge its validity or the underlying findings.

**C.     ISIL'S SELF-PROCLAIMED DECLARATION OF STATEHOOD IS IRRELEVANT**

Next, defendant argues that a "foreign nation state, even one designated as a member of the 'axis of evil', cannot be designated FTO." (CR 63 at 7.)  He seemingly reasons that because ISIL claimed to be a nation state, the United States cannot ever designate it to be an FTO.

Again, defendant provides no authority for his argument. Following this logic, as described above, an FTO could simply declare itself to be a nation state to resolve the issue of being designated an FTO.  Merely because a terrorist declares he is the leader of a nation does not make is so as a matter of law. Similarly, defendant argues that al-Baghdadi also "declared that all emirates, states, and organizations were null and void." (CR 63 at 4.)  Yet, Al-Baghdadi's words did not dissolve all states and organizations, his words did not create a nation-state, and his words did not eliminate the fact that ISIL is an FTO.

The President alone wields the authority to recognize foreign powers. *Zivotofsky ex rel. Zivotofsky v. Kerry, 135 S.Ct. 2076, 2086 (2015) ("the President since the founding has exercised this unilateral power to recognize new states—and the Court has endorsed the practice"); see also Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 410 (1964) ("Political recognition is exclusively a function of the Executive").  The Executive's exclusive recognition power allows for no review by the judiciary, let alone defendant. *See, e.g. , United States v. Pink*, 315 U.S. 203, 229 (1942) ("Objections to the underlying policy as well as objections to recognition are to be addressed to the political department and not

7

to the courts"); *Kennett v. Chambers*, 55 U.S. (14 How.) 38, 50 51 (1852) (question of whether or not Texas had become an independent sovereign state (separate from Mexico) was a non justiciable issue committed by the Constitution exclusively to another branch); *Williams v. Suffolk Ins. Co.*, 38 U.S. (13 Pet.) 415, 420 (1839) ("[W]hen the executive branch of the government, which is charged with our foreign relations, shall . . . assume a fact in regard to the sovereignty of any island or country, it is conclusive on the judicial department[.] . . . [I]t is not material to inquire, nor is it the province of the Court to determine, whether the executive be right or wrong").

**D.   DEFENDANT KNOWS THAT ISIL IS AN FTO**

Finally, defendant argues that because of the above described changes, he did not know that ISIL was an FTO and the government cannot prove knowledge.  (CR 63 at 8.)

As discussed previously, defendant admitted in his interview with FBI agents that ISIL was the same organization which now calls itself the Islamic State.  The defendant also admitted that he knew the United States viewed ISIL as a terrorist organization.  There was no confusion as to who the defendant was supporting, nor was there confusion as to the designation of ISIL.

Regardless, defendant's knowledge is a separate element from the designation of the organization.  The government can meet its burden of proving the defendant's knowledge by showing that the defendant knew the organization (1) was a designated terrorist organization; (2) had engaged or was engaging in terrorist activity; or, (3) had engaged or was engaging in terrorism. *See* 18 U.S.C. § 2339B.  These are issues of fact for the jury, for which the

8

government intends to introduce an abundance of evidence at trial, including defendant's admissions, statements, communications, electronic media, and other evidence demonstrating that he knew that ISIL had engaged or was engaging in terrorist activity.

In any event, defendant's factual argument about knowledge does not alter the judicially noticeable fact that the Secretary of State designated ISIL as an FTO, a fact that defendant cannot challenge in this case.  Accordingly, defendant's arguments lack merit and the Court should grant the government's motion.

**III. CONCLUSION**

In summary, the Secretary of State has designated ISIL as an FTO. Therefore, under § 2339B, if defendant provided material support to ISIL, an organization that has been designated an FTO under § 1189, he meets the first element of the offense.  Defendant's arguments challenging the designation, and any evidence defendant may offer to support that challenge, are invalid under the statute.  Accordingly, the Court should grant the government's motion and preclude defendant from introducing evidence and/or argument to support a challenge to the designation.

Dated: July 29, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                            /s/
                                        _____
                                        CELESTE CORLETT
                                        Assistant United States Attorney

                                        ANNAMARTINE SALICK
                                        Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA