UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA - CENTRAL DISTRICT

UNITED STATES OF AMERICA,

          Plaintiff,

  v

ADAM DANDACH,

          Defendant.

MOTION FOR OCMPASSIONATE RELEASE/RIS UNDER 18 USC 3582 & AMMENDMENT 821

SACR 14-00109 JVS

COMES NOW Adam Dandach, Defendant, Pro Se, and motions this court for compassionate release/reduction in sentence in accordance with 18 USC 3582 and Ammendment 821 to the United States Sentencing Guidelines. In support of this motion defendant provides the following:

## HISTORY

On July 25, 2016, Defendant was sentenced out of the Central District of California for a violation of §18 USC 2331 & 2339, attempting to provide material support or resources to a designated foreign terrorist organization; and § 18 USC 1542, making a false statement on a passport application. Defendant was sentenced to a term of imprisonment not to exceed 180 months as well as lifetime supervision.

Defendant is home detention eligible on April 25, 2027, good conduct release date is October 25, 2027.

## INTRODUCTION

Mr. Dandach's request for relief arises under 18 USC 3582, the statute, in pertinent part allows the court to reduce a term of imprisonment after considering the 3553(a) sentencing factors, if 30 days has passed since the warden received the defendant's request for compassionate release, and if extraordinary and compelling reasons warrant a reduction. 18 U.S.C. 3582(c)(1)(A). The court may, in some cases reduce a prison sentence when the defendant's sentencing range has been lowered by the sentencing commission.

## EXHAUSTION OF REMEDIES

Historically, inmates wanting to file for compassionate release/ris first had to make a request to the warden at the facility in which he/she was beign housed, after denial, he then had to exhaust all other remedies and appeals by filing subsaquent BP-10 and BP-11. With the passing of the

First Step Act, an inmate defendant can now file directly with the court after making a request to the warden and received a letter of denial or after 30 days has passed, whichever comes first. Defendant Dandach requested CR/RIS from Warden Jared Rardin at Rochester Federal Medical Center in July of 2024 and was subsaquently denied on August 6th, 2024. According to the warden, defendant does not meet the criteria for being in a debilitated medical condition.

### EXTRAORDINARY AND COMPELLING REASONS

Defendant is currently 30 years old and in everage health, however, mentally, defendant has a significant history of mental health illness which includes but is not limited to; A) Schizoaffective disorder/Bipolar type 1, Autism Spectrum Disorder (See Exhibit A) and PTSD. Overall, the illness is severe requiring therapeutic assistance and monitoring when in the community setting, it is at this time well controlled.

As a teen growing up Defendant's mental health issues caused him to develop self-defeating behaviors which, played a major role in who he is today. For years defendant had a severe weight problem, at one time weighing in excess of 500 pounds, at the time defendant was house bound, he was a socially isolated, gullible teenager who desperately wanted to connect with other people, defendant was severely ill and impressionable and often had to deal with abuse via self destructive behaviours and meltal self talk.

Defendant was young when he made the unwise choice of attempting to travel to Syria in 2014. His lack of mental development is evident  by his actions. Defendant did not even know who he was yet, nor did he know what he wanted out of life. At home his daily life consisted of a culture clash wanting to live the American life while maintaining his Islamic roots. This was a very difficult time for me and for others of Islamic faith, the post 9/11 era and all the prejudice expressed towards middle-easterners had a toll on defendant contributing to his dillusions which lead to him attempting to help a known terrorist organization.

Over the past ten years of incarceration, defendant has evolved both in thought and action detaching himself from radical Islamic Idiology, his psychologist's agree that he has come a very long way, former Psychiatry Chief Dr. Daniels openly stated that defendant Danduch has been "criminologically rehabilitated", so did the former Chief of Psychology who now works in the Regional Office in Kansas City, Kansas, multiple doctors have also declaired defendant to be rehabilitated noting that he responds well to treatment.

Defendant needs to be in an environment that is more conducive to mental

health treatment. In prison there is the criminal element to contend with, that is, other inmates who are not in prison or rather, not here for mental health treatment, these people instigate problems, they do whatever they can to push people's buttons trying to get them to go off.

Defendant understands that what he did is a crime, but his crime was the product of his mental health dillusions, he was not in his right state of mind, at that time he would have followed anyone who would have listened to him, he would have done anything for them.

Overall, defendant has adjusted well to the prison environment, that is not to say it has been without incident but, he has learned to deal with people and instigators to some degree, seeking help from counselors and those around him when problems arrise, defendant has learned to talk to people about his problems, he no longer dwells on them.

### AREGUEMENT

At sentencing, defendant received an enhancement to his criminal history score elevating him to a category VI with an offense level of 37. With the recent change in sentencing guidelines, specifically Ammendment 821, the court may now review this case to see if a reduction is warranted given the amount of time defendant has already served and the fact that he is being housed in an environment that is volatile and not conducive to proper mental health treatment.

In United States v. Cromitie, 2024 U.St Dist. LEXIS 12253 (SDNY) the court granted release in a terrorism-related case based on the unfairness of the sting operation that lead to the conviction. In this case, the court granted release under 18 USC 3582(c)(1)(A) using the new "Other" provision recently added to the language of 3582 allowing the court to consider 'other' reasons that may warrant compassionate release such as, unusually long sentence, family member in need of a caregiver, etc.

Such was the case in United States V. Ziegler who, along with co-defendant's used Molotov cocktails to start multiple fires in the Dakota County Western Service Center, an act of domestic terrorism, Ziegler was granted release in order to care for his mother who had metastatic cancer.

Defendant asks this court to please consider this information, defendant is serving a sentence of 180 months, he has already served 10 years, the larger portion of the sentence, just being here causes the defendant mental anguish knowing his family is in California and that they have suffered along with him. Defendant has a very difficult time dealing with the cold winters in

Minnesota and he misses his family.

Defendant understands no one, especially the court wants to give anyone with a terrorism charge a chance to commit another offense, defendant has no desire to ever commit another offense of any type. Courts around the country are releasing terrorist suspects on compassionate release. In U.S. v. Hammoud, 2022 US Dist. LEXIS 214184 (WDNC 2022), Hammoud was involved in a long standing conspirary selling cigarattes to support Hezbollah, Hammoud was granted CR in 2022.

In recent years there has been a steady downward trent in lengthly sentences for terrorism suspects. While there are still some that exceed the 120 month mark, mostly those who went to trial, many sentences are in the neighborhood of 60 months. Appendix A lists 29 terrorism-related cases (24 of which are material support cases) where the defendants were sentenced to 84 months or less between 2019 & 2024. Appendix A also lists another 60 cases involving terror suspects *53 are material support cases) where the defendants were sentenced to 120 or less months.

REHABILITATION

Defendant has done all he can to improve himself while being incarcerated, there is of course still more work to be done, but defendant is ready to return to the community where he can participate in community based treatment programs and do moe to further his education. Defendant attends religious programs (not those that support radical views), he attends weekly psychiatric programs and therapy sessions, he has completed a BUS 359 Paralegal course from Adams State University with an 89% final grade.  Defendant is also a published author of poetry and song lyrics, he has taught himself how to read Arabic to help him further understand the true meaning of the Qu'ran. Defendant often speaks to groups of nursing students who visit from various colleges helping them to understand mental health in a psychiatric setting using his difficulties and triumphs as examples.

Defendant has been involved in incidents where has has been provoked into altercations, these incidents have been fiew and far between and are not extreme except for one incident involving a staff member. Defendant was found to be competent, but not responsible for the incident, he was charged in Federal court and received a concurrent sentence, the Judge at that time recommended the defendant to file for compassionate release.

CONCLUSION AND REQUEST FOR RELIEF

Defendant Danduch asks this court for compassionate release with a

new sentence of 'time served', the court will also most likely sentence defendant to a lifetime term of supervised release and or home confinement. Defendant will attend regular therapy sessions and abide by all rules of probation and any rules imposed by the court. Defendant asks that the court consider his extraordinary and compelling reasons for compassionate release when evaluating the 3553 sentencing factors. Defendant also asks this court to weigh the totality of his circumstances, his mental health diagnosis and the environment in which he lives when the court makes its decision. Defendant believes the 3553 sentencing factors would weigh in his favor.

If relief is granted, defendant would live in California with his family.


Respectfully submitted this 22 day of August, 2024


Adam Danduch, Defendant, Pro Se

CERTIFICATE OF SERVICE

    I hereby certify that on August 22, 2024 a copy of the forgoing document was mailed to the Clerk of Court. I also ask that the clerk forward a copy of this document to all parties entitled to such via electronic means.


Dated this 22 day of August, 2024

Adam Danduch, Defendant, Pro Se

```
RCHLR           *        PUBLIC INFORMATION        *     08-19-2024
PAGE 002        *           INMATE DATA            *     08:03:49
                         AS OF 08-19-2024


REGNO..: 67945-112 NAME: DANDACH, ADAM


                  RESP OF: RCH
                  PHONE..: 507-287-0674    FAX: 507-424-7600
FSA ELIGIBILITY STATUS IS: INELIGIBLE


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.


HOME DETENTION ELIGIBILITY DATE....: 04-25-2027


THE INMATE IS PROJECTED FOR RELEASE: 10-25-2027 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------


COURT OF JURISDICTION............: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER....................: SACR 14-00109 JVS
JUDGE............................: SELNA
DATE SENTENCED/PROBATION IMPOSED: 07-25-2016
DATE COMMITTED...................: 09-07-2016
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO


               FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:  $200.00         $00.00         $00.00        $00.00


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00


------------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE.....:   890     18:2331-2339 TERRORISM
OFF/CHG: 18:2339B ATTEMPTING TO PROVIDE MATERIAL SUPPORT OR RESOURCES
         TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION; 18:1542
         MAKING A FALSE STATEMENT ON A PASSPORT APPLICATION


 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   180 MONTHS
 TERM OF SUPERVISION.............: LIFE
 DATE OF OFFENSE.................: 06-17-2014


----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------


COURT OF JURISDICTION............: MINNESOTA
DOCKET NUMBER....................: 0:22-CR-00327-PJS(1)
JUDGE............................: SCHILTZ
DATE SENTENCED/PROBATION IMPOSED: 08-01-2023
DATE COMMITTED...................: 08-01-2023




G0002      MORE PAGES TO FOLLOW . . .
```

```
    RCHLR          *        PUBLIC INFORMATION        *      08-19-2024
PAGE 004 OF 004 *              INMATE DATA            *      08:03:49
                           AS OF 08-19-2024


REGNO..: 67945-112 NAME: DANDACH, ADAM


                    RESP OF: RCH
                    PHONE..: 507-287-0674    FAX: 507-424-7600
DATE COMPUTATION BEGAN...........: 07-25-2016
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT.............:   180 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    15 YEARS
AGGREGATED TERM OF SUPERVISION..: LIFE
EARLIEST DATE OF OFFENSE........: 06-17-2014


JAIL CREDIT......................:    FROM DATE      THRU DATE
                                      07-03-2014     07-24-2016


TOTAL PRIOR CREDIT TIME..........: 753
TOTAL INOPERATIVE TIME...........: 0
TOTAL GCT EARNED AND PROJECTED..: 615
TOTAL GCT EARNED.................: 345
STATUTORY RELEASE DATE PROJECTED: 10-25-2027
ELDERLY OFFENDER TWO THIRDS DATE: 07-02-2024
EXPIRATION FULL TERM DATE.......: 07-01-2029
TIME SERVED......................:    10 YEARS     1 MONTHS    17 DAYS
PERCENTAGE OF FULL TERM SERVED..:  67.5
PERCENT OF STATUTORY TERM SERVED:  76.1


PROJECTED SATISFACTION DATE.....: 10-25-2027
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

## MULTIDISCIPLINARY INDIVIDUALIZED TREATMENT PLAN
### Federal Medical Center
### Rochester, MN

Name: DANDACH, ADAM                Reg #: 67945-112                Date: 04-25-2024

### IDENTIFYING INFORMATION

| NAME: | Adam Dandach |
|---|---|
| REGISTER NUMBER: | 67945-112 |
| DATE OF BIRTH: | 02-18-1994 |
| DATE OF ADMISSION: | 03-02-2022 |
| DATE OF INITIAL MITP: | 03-15-2022 |

☐ INITIAL MEETING          ☒ QUARTERLY MEETING CHANGE          ☐ SIGNIFICANT

| TREATMENT TEAM | NAME | SIGNATURE | DATE |
|---|---|---|---|
| Patient | Adam Dandach | | 04-25-2024 |
| Psychiatrist | D. Hart, M.D. | *[signature]* | 04-25-2024 |
| Psychologist | C. Lucas, Ph.D., LP | *[signature]* | 04-25-2024 |
| Psychology Intern | S. Stelford, B.A. | | 04-25-2024 |
| Social Worker | M. Hedrington, LICSW | *[signature]* | 04-25-2024 |
| Nurse | *[signature]* | *[signature]* | 04-25-2024 |
| Recreation Therapist | K. Steier, CTRS | | 04-25-2024 |
| Practicum Student | | | |

### REASON FOR ADMISSION TO MENTAL HEALTH TREATMENT

Adam Dandach was re-admitted to FMC Rochester on 03-02-2022 from USMCFP Springfield where he participated in a forensic evaluation following an incident on 08-15-2019 at Bastrop in which he struck a nurse in the mouth with a closed fist, which knocked out the nurse's front tooth and split the nurse's upper and lower lip. He was subsequently charged with Assaulting, Resisting, or Impeding Certain Officers or Employees. At the time of the offense, he was serving a 180-month sentence for attempt to provide material/support to a designated terrorist organization, and providing a false statement on a passport application with a PRD of 09-02-2027. Mr. Dandach was found competent, but not responsible for the incident. Following the forensic evaluation, Mr. Dandach returned to FMC Rochester for continued CARE4-MH inpatient hospitalization and treatment. He is a CARE4-MH patient who voluntarily provided consent for psychiatric medication. Prominent mental health symptoms include response to auditory hallucinations, paranoia, disorganized thoughts and behavior, and suicidal ideation.

### DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-5)

| DATE | DIAGNOSES (Updated as clinically appropriate) | PATIENT COMMENTS ON DIAGNOSES |
|---|---|---|
| 01-18-2022 | Autism spectrum disorder | Mr. Dandach reported that he does not dispute this diagnosis given that he has displayed characteristics of this diagnosis throughout his childhood and adolescence. |
| 01-18-2022 | Schizoaffective disorder, bipolar type | Mr. Dandach endorsed having symptoms consistent with a schizoaffective disorder, bipolar type diagnosis, including "delusions, severe paranoia, mood fluctuations, and instability." |

☒ HISTORY OF SUICIDE WATCH: 07-11-2022
☒ HISTORY OF SELF-INJURIOUS BEHAVIOR: 08-09-2019

FMC-087
Revised 08/2016
PAGE: 1



United States Department of Justice
Federal Bureau of Prisons
Federal Medical Center
2110 East Center Street
Rochester, Minnesota 55904

August 6, 2024

MEMORANDUM FOR DANDACH, ADAM
REG NO: 67945-112

FROM:           Jared Rardin, Warden

SUBJECT:        **Compassionate Release Request**

You requested a reduction in sentence (RIS) based on your medical condition. After careful consideration, your request is denied.

We have reviewed your request for consideration of a compassionate release pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). We will not be pursuing a request for early release in your case as you do not meet the criteria under "Debilitated Medical Condition" at this time.

Criteria for "Debilitated Medical Condition" includes being completely disabled, meaning not able to do any self-care and totally confined to a bed or chair more than 50% of waking hours or capable of only limited self-care and confined to a bed or chair. While you are noted to have medical and mental health problems, you are currently independent with your primary activities of daily living. Therefore, at this time you do not qualify.

If circumstances change for you and/or your health deteriorates, you can certainly resubmit your request.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Sensitive But Unclassified

Provided:
8/8/24



COMMITTED NAME: Adam Dandach

REG. NO. & QTRS.: 67945-112

FEDERAL MEDICAL CENTER
PMB 4000
ROCHESTER, MN 55903-4000

⇔67945-112⇔
U S Courthouse
Attn: Clerk of Court
411 W 4TH ST
Rm 1-053
Santa ANA, CA 92701
United States

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP - 3 2024

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

PROC.

92701$4516 CO13